UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOANNA NELSON, | ) |
|     PLAINTIFF | )    CIVIL ACTION NO.: |
| | )    4:12-cv-1638 |
| VS. | ) |
| | ) |
| NATIONWIDE CREDIT, INC., | )    JURY TRIAL DEMAND |
| AMERCIAN EXPRESS COMPANY, and | ) |
| AMERICAN EXPRESS TRAVEL RELATED | ) |
| SERVICES, INC. | ) |
|     DEFENDANTS. | ) |

## COMPLAINT FOR DAMAGES

### INTRODUCTION

1. This an action for damages and injunctive relief against the defendants Nationwide Credit, Inc., American Express Company and American Express Travel Related Services, Inc. for violations of the Telephone Consumer Protection Act 42 U.S.C. §§ 227 et seq. ("TCPA").

2. Defendant Nationwide Credit, Inc. called plaintiff and others on their cellular telephones using an "automatic telephone dialing system" and a prerecorded or artificial voice, in attempts to collect alleged debts owed to defendants American Express Company and American Express Travel Related Services, Inc. Such calls are impermissible pursuant to the TCPA.

### SUBJECT MATTER JURISDICTION

3. The Court has federal question subject matter jurisdiction. *Mims v. Arrow Financial Servs.*, LLC, 132 S.Ct. 740 (2012).

4. Venue is proper here because a substantial portion of the events complained of occurred in this District.

**PARTIES**

5. Plaintiff Joanna Nelson is a natural person and a citizen of the State of Missouri who resides in the County of St. Louis, State of Missouri. Plaintiff's cell phone number is (314) xxx-1234.

6. Defendant, Nationwide Credit, Inc., is a Georgia Corporation that acts as a debt collector. Nationwide Credit, Inc. was acting as a debt collector when it attempted to collect a delinquent consumer debt allegedly owed to American Express Company a/k/a American Express Travel Related Services, Inc. by Plaintiff's spouse, Richard Nelson. Nationwide Credit, Inc.'s registered agent in the State of Missouri is CT Corporation, 120 S. Central, Clayton, MO 63105.

7. Upon information and belief, Nationwide Credit has one or more predictive dialers in Phoenix, Arizona.

8. Defendant American Express Company is a corporation organized and existing pursuant to the laws of the State of New York which is primarily engaged in the business of providing charge and credit payment card products and travel-related services worldwide. Its registered agent is CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

9. Defendant American Express Travel Related Services Company, Inc. is a corporation organized and existing pursuant to the laws of the State of New York which is primarily engaged in the travel agency business, providing financial and travel related services

for consumers and companies worldwide.  Its registered agent is CT Corporation System, 111 Eighth Avenue, New York, NY 10011.

**FACTS**

10. Defendant Nationwide Credit, Inc. called plaintiff using a predictive dialer numerous times within four years of the filing of this complaint, including numerous calls between April 1, 2012 and September 10, 2012.

11. Some or all of these calls were made in attempts to collect an alleged American Express debt owed to defendants by her spouse, Richard Nelson. The American Express defendants may also have made calls on their own.

12. In other litigation, Nationwide Credit has conceded that it used an "automatic telephone dialing system" as that term is used in the TCPA. Although probably not binding upon this Court, *Nicholas v. Nationwide Credit, Inc.*, 2010 WL 503071 (S.D.Fla. Feb. 8, 2010).

13. Some of these calls were completely unattended.  That is to say that even if Plaintiff had answered the phone, no representative of defendant Nationwide Credit, Inc. would have been on the other end to communicate with plaintiff.

14. The rapid-fire calls using the automated equipment were made with the purpose of annoying and harassing plaintiff until she called back about the alleged debt.

15. Plaintiff did not consent to these calls.

16. As the creditor on the alleged account, defendants American Express Company, a/k/a American Express Travel Related Services, Inc. is also liable for the TCPA violations of its debt collectors. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, ¶10 (Jan. 4, 2008) ("Similarly, a creditor on whose behalf an

autodialed or prerecorded message call is made to a wireless number bears the responsibility for any violation of the Commission's rules.  Calls placed by a third party collector on behalf of that creditor are treated as if the creditor itself placed the call").

17. Plaintiff and the class have been substantially damaged by defendants' calls. Their privacy was improperly invaded, they were charged for the calls and they were annoyed. *Mims v. Arrow Financial Services, Inc.*, 132 S.Ct. 740 (Jan. 18, 2012) (discussing congressional findings of consumer "outrage" as to autodialed and prerecorded calls); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637 (7th Cir. 2012) (stating that unwanted cell phone robocall recipients are damaged because they are charged "out of pocket" cellular airtime minutes).

## COUNT I  - TCPA

18. Plaintiff incorporates by reference as though fully set forth herein all allegations set forth in the previous paragraphs.

19. Defendants placed non-emergency telephone calls to Plaintiff and the class members' cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice, in an effort to collect the alleged debt owed to American Express.

20. The conduct complained of herein was widespread and systematic, and the proofs will be so too; the same or similar dialing equipment was used to call plaintiff and each class member.

## CLASS ALLEGATIONS

18. Plaintiff brings this claim on behalf of a class pursuant to Fed.R.Civ.P. 23(b)(2) and 23(b)(3), consisting of:

> All persons who, within four years of filing this complaint, Nationwide Credit (or some person on its behalf) called on his or her cellular telephone using predictive dialing

equipment and/or a prerecorded or artificial voice, to collect an alleged debt owed to American Express or its affiliates, where the phone number called was not obtained by defendants directly from the called party as to the alleged debt that was the subject of such calls.

19.     Plaintiff is a member of this class.

20.     Numerosity is satisfied. There exists no purpose in using predictive dialing equipment like defendants did, except in order to make a large number of calls in a short period of time. Because of the large number of class members, joinder of all class members as plaintiffs in a single proceeding is therefore impractical, and a class action is the most appropriate method of resolving the dispute.

21.     Plaintiff's claims are typical of the class members' claims. All class members were called using the same illegal equipment.

22.     Furthermore, the plaintiff's claims are common to those of the class members, and the common issues predominate over any individual issues. The Federal Communications Commission requires creditors and debt collectors to keep track of who consented to receive calls such as those that are the subject of this lawsuit. Plaintiff has carefully defined the class to include only persons who did not consent to be called. The FCC's 2008 opinion states:

> We emphasize that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.
>
> To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.
>
> The creditors are in the best position to have records kept in the usual course of business showing such consent, such as purchase agreements, sales slips, and credit applications.

> Should a question arise as to whether express consent was provided, the burden will be on the creditor to show it obtained the necessary prior express consent.

*In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd. 559, 565, ¶10 (Jan. 4, 2008) (paragraph breaks supplied).

23. There are questions of law and fact common to the class which predominate any questions affecting an individual class member. The predominant common questions include:

   a. Whether defendants used an automatic telephone dialing system as is used in the TCPA and applicable FCC regulations and orders to place the calls at issue; and

   b. Damages, including whether the violations were negligent, willful or knowing.

21. Plaintiff will fairly and adequately protect the interests of the class.  Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests which might cause them not to vigorously pursue this action.

22. A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The interest of class members in individually controlling the prosecution of separate claims is small because it is not economically feasible to bring individual actions.

23. Management of this class action is likely to present significantly fewer difficulties than those presented in many class actions, e.g. for securities fraud.

24. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously,

efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

25.     Defendants hves acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole.  Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff and the class and against both defendants, and each of them, for:

     A.     Statutory damages of $500 per violation, and up to $1,500 per violation if willful or knowing;

     B.     An injunction against further violations;

     C.     A declaration that the equipment used is regulated by the TCPA, and that the calls to plaintiff and the class violated the TCPA;

     D.     Costs of suit;

     E.     Reasonable attorney's fees as part of a common fund, if any;

     F.     Such other or further relief as the Court deems just and proper.

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

/s/ Joanna Nelson

## HEALEY LAW, LLC

/s/ Robert T. Healey
Robert T. Healey
EDMO # 34138MO
Attorney at Law
640 Cepi Drive, SuiteA
Chesterfield, MO 63005
Telephone:	(636) 536-5175
Fax:	(636) 590-2882
Email:	bob@healeylawllc.com

and

## BURKE LAW OFFICES, LLC

/s/ Alexander H. Burke
Alexander H. Burke
155 N. Michigan Ave.
Suite 9020
Chicago, IL 60601
Telephone:	(312) 729-5288
Fax:	(312) 729-5289
Email:	aburke@burkelawllc.com
Co-Counsel for Plaintiffs
Pro Hac Vice Application to be Filed